IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DEBRA L. BOLEN,

          Plaintiff,

v.                                      CIVIL ACTION NO.  5:05-cv-01155

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.

**MEMORANDUM OPINION**

      This is an action seeking review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401- 433.  Before the Court are Plaintiff's Motion for Judgment on the Pleadings or in the Alternative for Remand [Docket 16] and Defendant's Motion for Judgment on the Pleadings [Docket 21].  By Standing Order filed on December 16, 2005, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation ("PF&R").  Magistrate Judge VanDervort filed his PF&R on February 6, 2007 [Docket 22].  In that filing, the magistrate judge recommended that this Court: (1) deny Plaintiff's Motion for Judgment on the Pleadings or in the Alternative for Remand; (2) grant Defendant's Motion for Judgment on the Pleadings; and (3) dismiss this matter and remove it from the Court's docket.  For the reasons stated below, the Court declines to adopt the magistrate judge's recommendation.  Rather, the Court denies Plaintiff's motion for judgment on the pleadings, but

grants her motion to remand, denies Defendant's motion for judgment on the pleadings, vacates the final decision of the Commissioner, and remands this case back for further consideration.

## I. STANDARD OF REVIEW

The Court's review in this case is limited to determining if the factual findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws*, 368 F.2d at 642) (internal quotation marks omitted). However, "[i]t is not within the province of a reviewing court to determine the weight of the evidence, nor . . . to make findings of fact [or] to resolve conflicts in the evidence." *Hays*, 907 F.2d at 1456.

When addressing the objections to the PF&R, the Court "shall make a *de novo* determination of those recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.; *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Here, objections to Magistrate Judge VanDervort's PF&R were due by March 12, 2007, pursuant to the Court's Order granting Plaintiff an extension of time to file objections [Docket 24]. Plaintiff timely filed her objections on that date [Docket 25].

## II. OBJECTIONS TO THE PF&R

Plaintiff essentially makes five objections to the magistrate judge's PF&R.  First, Plaintiff argues that the magistrate judge erroneously found that her mental impairment was not severe because the ALJ did not properly consider all of the relevant evidence, namely the Psychiatric Review Technique Forms of Dr. Debra Lilly and Dr. Robert Solomon.  Second, Plaintiff objects on the grounds that the magistrate judge made no finding with regard to the ALJ's failure to assess Plaintiff's entitlement to benefits under Listings of Impairment 12.04 and 12.06 as contained in Appendix 1, Subpart P, Regulations No. 4.  Third, Plaintiff asserts that the magistrate judge was incorrect for finding that she had a residual functional capacity for "light work" by giving controlling weight to Dr. Marshall's opinion, and for finding that the ALJ properly considered Plaintiff's work related abilities on a function-by-function basis.  Fourth, Plaintiff argues that she is entitled to benefits under Medical Vocational Guidelines Rule 201.09.  Finally, she objects to the magistrate judge's finding that the information used by the ALJ to pose the hypothetical question to the vocational expert was sufficient.  The Court will first address objections one, two, and five together, and then will review objections three and four.

  a. <u>Severity of Plaintiff's Mental Impairments, Listings of Impairment 12.04 and 12.06, and the Hypothetical Question</u>

After reviewing Plaintiff's objections, the primary issue presented with regard to Plaintiff's mental impairments is whether the ALJ's failure to acknowledge the assessments of Dr. Lilly and Dr. Solomon, which indicate Plaintiff had a "moderate" degree of limitation with respect to social functioning and concentration, persistence, or pace, satisfies the ALJ's duty to weigh and evaluate all relevant evidence.

To assist the reviewing courts in determining whether the ALJ's findings are supported by substantial evidence, the ALJ must "explicitly indicate[] the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984). This is true because an ALJ has a duty to "consider all evidence in [a claimant's] case record." 20 C.F.R. § 404.1520(a)(3). Thus, "unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight he [or she] has given to obviously probative exhibits, to say that his [or her] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Gordon*, 725 F.2d at 236 (internal quotation marks omitted) (quoting *Arnold v. Sec'y of Health, Ed. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977)). *See also* 20 C.F.R. § 404.1527(b)-(d); *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding the case to the ALJ because the ALJ did not explain adequately why he credited one doctor's views over those of another doctor); *Bill Branch Coal Corp. v. Sparks*, 213 F.3d 186, 191 (4th Cir. 2000) (refusing to "guess" at the ALJ's rationale for discounting relevant evidence).

In this case, the ALJ found that Plaintiff's alleged mental impairments – depression and anxiety with panic attacks – were not severe. An impairment is severe if it significantly limits the claimant's physical or mental ability to do "basic work activities." 20 C.F.R. § 404.1521(a). "Basic work activities" include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing and speaking; (3) understanding carrying out and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* § 404.1521(b). In evaluating mental impairments, 20 C.F.R. § 404.1520a(d)(1) states that if the Commissioner rates the claimant's degree of limitation in

activities of daily living, social functioning, and concentration, persistence, or pace as either "none" or "mild," and rates episodes of decompensation as "none," then the Commissioner will generally conclude that the claimant's impairment is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in the claimant's ability to do basic work activities. If an impairment is not severe, then a claimant is not considered disabled – at least with respect to that impairment. 20 C.F.R. § 404.1520(c).

Here, the ALJ found that Plaintiff's activities of daily living, social functioning, concentration, persistence, or pace, all reflect no more than a "mild" limitation based on her mental impairments. Tr. 15-16. The ALJ made these findings in reliance on the evidence presented by Dr. Cole, Dr. Hasan, Ms. Tate, and Mr. Phelps. *Id.* at 15. However, the record reflects that Dr. Lilly and Dr. Solomon found that the limitations on Plaintiff's social functioning and concentration, persistence, or pace were "moderate." Tr. 221, 266. If the ALJ had explicitly credited the reports and testimony of Mr. Phelps, Ms. Tate, Dr. Cole, and the fact that Plaintiff did not seek further treatment from Dr. Hasan, over the assessments of Lilly and Solomon, then this Court would defer to that determination on Plaintiff's degrees of limitation. *Nguyen v. Callahan*, 997 F. Supp. 179, 182 (D. Mass. 1998). However, because the ALJ failed to explain why she discredited those assessments, the Court is unable to do so. In fact, throughout the ALJ's written decision, there is no mention of either Lilly or Solomon.

Due to the fact that these examiners found that Plaintiff had a "moderate" limitation in social functioning and concentration, persistence, or pace, a conflict exists between the ALJ's findings that Plaintiff had at most a "mild" limitation, and has left the Court to guess as to why the assessments of Lilly and Solomon were discredited. *Sparks*, 213 F.3d at 191. More importantly, if the Court

were to take these reports as true, then 20 C.F.R. § 404.1520a would no longer support the ALJ's finding that the mental impairments were not severe because the "moderate" ratings would not satisfy the requirement that all three categories be either "none" or "mild." As such, the Court is unable to determine if the ALJ's finding is supported by substantial evidence without weighing the evidence itself. The magistrate judge reviewed the assessments and found that they do not indicate Plaintiff's mental impairments were severe. Docket 22 at 12. While after the proper analysis this may be true, it is the responsibility of the ALJ to determine the weight of the probative exhibits and to resolve any conflicts in the evidence. *Hays*, 907 F.2d at 1456; *Gordon*, 725 F.2d at 236. Therefore, the Court cannot say that the ALJ's decision is supported by substantial evidence with respect to the finding that the mental impairments were not severe. This is not to say that Plaintiff does in fact have a severe mental impairment, it simply means that it would approach an abdication on the Court's duty to scrutinize the record as a whole to affirm the ALJ's decision because "obviously probative exhibits" were not weighed and evaluated. *Gordon,* 725 F.2d at 236.

Moreover, the Court does not find that this is a case where remand would be futile. *Ward v. Comm'r of Soc. Sec*., 211 F.3d 652, 656 (1st Cir. 2000). If the evidence omitted from the ALJ's decision was merely cumulative, then the ALJ would not be under a duty to weigh and evaluate that evidence. *Lorenzen v. Chater*, 71 F.3d 316, 319 (8th Cir. 1995); *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (per curiam)); *see also Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992). However, because the assessments of Lilly and Solomon were omitted completely from the ALJ's written decision, and because they conflict directly with the express finding that Plaintiff has a "mild" limitation in two of the three categories outlined in 20 C.F.R. § 404.1520a, the Court finds that remand is appropriate. *Cf. Stewart v. Apfel*, No. 98-1785, 1999 U.S. App. LEXIS 15685, at *11

(4th Cir., July 12, 1999) (unpublished opinion) (finding that where the ALJ mentioned evidence, even in passing, remand is not necessary if the conclusion is generally in accord with that evidence).

Having determined that remand is appropriate in order for the ALJ to weigh and evaluate the additional exhibits, Plaintiff's second and fifth objections are not yet ripe. Both of these objections hinge on whether her mental impairments are severe, and the Court is therefore not able to address them at this point.

In the second objection, Plaintiff argues that the ALJ was required to analyze each of her impairments to determine whether they meet or equal a Listing of Impairment under Appendix 1, Subpart P, Regulations No. 4. *See* 20 C.F.R. § 404.1520(d). The regulations require that if a severe impairment is present, the third inquiry in the sequential evaluation for the adjudication of disability claims is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. 20 C.F.R. § 404.1520. If a severe impairment meets or equals any of the listed impairments, then the claimant is found disabled and awarded benefits. *See Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (stating that if the claimant introduces medical evidence that shows he or she suffers from one or more of the serious impairments delineated in 20 C.F.R. Part 404, Subpart P, Appendix 1, then claimant is considered disabled *per se*). But should an ALJ find that a claimant's impairment is not severe, then it is not necessary for the ALJ to determine if the impairment meets or equals any of the listed impairments. "At the second step, [the Commissioner] consider[s] the medical severity of your impairment(s). If you do not have a *severe* medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is *severe* and meets the duration requirement, we will find that you are not disabled." 20 C.F.R. § 404.1520(a)(4)(ii)

(emphasis added); *see also Id.* § 404.1520(c) ("You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled."). Thus, the appropriate resolution of this objection depends on the ALJ's determination on remand.

Similarly, with respect to Plaintiff's fifth objection to the hypothetical question, because the hypothetical question may omit non-severe impairments, the Court's ruling on this objection hinges on whether the mental impairments are found to be severe or not. *Benenate v. Schweiker*, 719 F.2d 291, 292 (8th Cir. 1983). If they are not found to be severe after a proper discussion of the evidence by the ALJ, then there was no error in the hypothetical question posed to the vocational expert. Accordingly, the Court **SUSTAINS** Plaintiff's first objection, but **OVERRULES** objections two and five as not yet ripe.

      b.    <u>ALJ's RFC finding on Light Work and Medical Vocational Guidelines Rule 201.09</u>

Notwithstanding the ALJ's failure to assess all relevant evidence in determining whether Plaintiff's mental impairments are severe, based the evidence presented of her physical impairments, the Court finds that there is substantial evidence in the record to support a finding that Plaintiff is able to perform a significant range of "light work." 20 C.F.R. § 404.1567(b) defines "light work."

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). In helping to explain that definition, Social Security Ruling 83-10 states:

> "Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday. Sitting may occur intermittently during the remaining time. The lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping. Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk. They require use of arms and hands to grasp and to hold and turn objects, and they generally do not require use of the fingers for fine activities to the extent required in much sedentary work.

Social Security Ruling 83-10, 1983 SSR LEXIS 30, at *14 (SSR 1983).

Plaintiff objects to the magistrate judge's finding that the ALJ's reliance upon Dr. Marshall's testimony and determination that Plaintiff was capable of light work was fully in conformity with the applicable law and supported by substantial evidence. Plaintiff argues that it was an error not to rely on Dr. Maducdoc's reports, but rather to rely on the testimony of Dr. Marshall. Plaintiff attempts to make the fact that Dr. Marshall said he was "prejudiced" by Dr. Maducdoc's findings in this case and other cases a significant basis for totally discrediting any of his testimony. Also as a basis for rejecting his testimony, she points to the portion of Dr. Marshall's testimony where he said Plaintiff could only walk for four hours a day, and then recanted and said she could be on her feet "most of the time." Tr. 72-75.

Although the Court has concern with Dr. Marshall's testimony, and the fact that he corrected himself at the prompting of the ALJ to say that Plaintiff could be on her feet "most of the time," which may or may not be taken to mean two-thirds of an eight hour day, there is other evidence in the record to support the ALJ's finding. Specifically, the March 11, 2004 and June 17, 2004 Physical Residual Functional Capacity Assessments of DDS physicians Dr. Lambrechts and Dr. Go, marked Exhibits 6F and 9F. These exhibits are further support of the ALJ's finding because they

indicate that Plaintiff could occasionally lift and/or carry fifty pounds and frequently lift and/or carry twenty-five pounds, and could stand and/or walk and sit about six hours in an eight hour workday. Tr. 202-09, 246-54. The ALJ notes these exhibits in her decision, and they clearly support her findings on Plaintiff's ability to perform "light work" by walking and standing six hours in a workday. Tr. 18. Furthermore, as Magistrate Judge VanDervort noted, even though Dr. Marshall indicated that he was "prejudiced" against Dr. Maducdoc, he explained that his difficulty with Dr. Maducdoc's opinion in this case was that his opinion was unsupported by his own clinical findings. For example, Dr. Maducdoc found that Plaintiff had limited back flexion, but normal or 5/5 motor strength, normal gait, normal range of motion of her other joints, no impairment in neurologic function, and her x-rays were unremarkable. Tr. 18, 303-13. The ALJ stated that she agrees that Dr. Maducdoc's report is internally inconsistent, "containing rather benign objective findings which would not support the degree of limitation assessed by that physician." Tr. 18. Thus, the ALJ did not err by placing weight on Dr. Marshall's testimony. Accordingly, based on the evidence of physical impairments presented, the Court finds the ALJ's decision that Plaintiff is capable of lifting, walking, and standing for the amount of time needed to perform "light work" is supported by substantial evidence.

Plaintiff also objects to the magistrate judge's finding that the ALJ plainly considered Plaintiff's work-related abilities on a function-by-function basis in conformity with Social Security Ruling 96-8p. Plaintiff's argument is not persuasive. In her decision, the ALJ stated:

> [T]he claimant retains the following residual functional capacity: lift/carry 10 pounds frequently/20 pounds occasionally; occasionally climb, balance, stoop, crouch, kneel and crawl; must avoid severe cold; should not work on irregular surfaces; and can not climb ladders, ropes or scaffolds.

Tr. 17. Given that language, the Court finds that the ALJ's findings are in conformity with Ruling 96-8p. *See Washington v. Barnhart*, 413 F. Supp. 2d 784, 794-95 (E.D. Tex. 2005) (holding that the ALJ performed the proper function-by-function assessment where language in the decision read plaintiff could "carry 10 lbs. both frequently and occasionally, with pushing and pulling the same. . . . stand and walk 2 hours in a usual workday, with normal breaks. . . . sit for 6 hours in a usual workday, with normal breaks. . . . [and] occasionally climb stairs . . . stoop and kneel" . . . also plaintiff "should not climb ladders, or balance, crouch or crawl. . . . [or] work with dangerous machines or at heights").[*]

Finally, Plaintiff objects to the magistrate judge's finding that Rule 201.09 of the Medical-Vocational Guidelines is inapplicable and does not mandate a finding that Plaintiff is disabled. This rule states if a claimant is not capable of engaging in more than sedentary work as a result of a severe medically determinable impairment, is closely approaching advanced age, and has a limited education with unskilled or no previous work experience, then the claimant must be found disabled. 20 C.F.R. Pt. 404, Subpart P., App. 2, Table No. 1, Rule 201.09; *see also Smith v. Heckler*, 739 F.2d 144, 146 (4th Cir. 1984). Because the ALJ's decision that Plaintiff is able to perform a significant range of "light work" based on her physical impairments is supported by substantial evidence, her argument that Rule 201.09 requires a finding that she is disabled is without merit. Accordingly, Plaintiff's third and fourth objections are **OVERRULED**.

---

[*] Additionally, even if the ALJ failed to conform with Ruling 96-8p, "Social Security Rulings which are interpretive do not have the force and effect of law and are therefore not binding on courts." *Reichard v. Barnhart*, 285 F. Supp. 2d 728, 733 n.7 (S.D. W. Va. 2003) (VanDervort, M.J.) (citing *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001)).

*III. CONCLUSION*

For the reasons set forth above, the Court declines to adopt the magistrate judge's recommendation and: (1) **DENIES** Plaintiff's Motion for Judgment on the Pleadings, but **GRANTS** Plaintiff's Motion to Remand; (2) **DENIES** Defendant's Motion for Judgment on the Pleadings; (3) **VACATES** the final decision of the Commissioner, and (4) **REMANDS** this matter for further consideration.  A Judgment Order will be entered contemporaneously with this Memorandum Opinion.

ENTER: March 29, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE